[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2010
JOHN LEY
CLERK

No. 09-15710
Non-Argument Calendar

_____

D. C. Docket No. 06-00443-CR-1-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT KNIGHT,
a.k.a. Robert E. Knight,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Robert Knight appeals his 95-month, 17-day sentence, imposed at resentencing, for possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). The district court originally sentenced Knight to 120 months' imprisonment on this charge, but on appeal, we vacated that sentence and remanded for the district court to credit him for time served in relation to his state court conviction for the related offense of escape, pursuant to U.S.S.G. § 5G1.3. See United States v. Knight, 562 F.3d 1314, 1329 (11th Cir. 2009). On remand, the district court left the original sentence unaltered save for a 743-day credit, which resulted in the sentence now at issue. In this appeal, Knight argues that his revised 95-month, 17-day sentence was substantively unreasonable.[1] After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for substantive reasonableness, we consider the "totality of the circumstances." Id. at 1190 (quoting Gall v. United States, 552

---

[1] On appeal, Knight acknowledges but does not challenge the increase of his sentence from 92 months and 19 days to 95 months and 17 days. Accordingly, he has abandoned any claim in this respect. United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding that a defendant abandoned claims not raised "plainly and prominently" in his initial brief).

U.S. 38, 51 (2007)). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."[2] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). There is a "range of reasonable sentences from which the district court may choose," and a sentence within the guideline range is ordinarily expected to be reasonable. Id.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). The district court need not discuss each § 3553(a) factor. Talley, 431 F.3d at 786. Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356. We will remand for resentencing only if we are "left with the definite and firm conviction that the

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and quotation omitted). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Knight has not shown that his revised sentence was substantively unreasonable in light of the record and the § 3553(a) factors. As the record shows, the circumstances of his offense were accentuated by numerous aggravating factors: not only did Knight possess a loaded gun, but he was armed while at a public gathering, and tried to hide the gun from a police officer. When arrested, he provided false information to police. Thereafter, Knight attempted to escape twice -- the first attempt was unsuccessful, but led to the injury and hospitalization of a police officer; the second attempt was successful, and Knight remained a fugitive for over a year. Moreover, at the time of his initial conviction in 1997, Knight already had amassed a decade-long criminal history sufficient for him to be placed in category VI. Even assuming that these numerous offenses were actually not as serious as they sounded, the district court was permitted to -- and did -- consider that they were similar in nature to the instant offense, and draw from this the inferences that Knight had not learned from earlier mistakes and a guideline

4

sentence would sufficiently deter similar conduct and protect the public. Thus, the district court considered several § 3553(a) factors -- including the seriousness of the offense, Knight's extensive criminal history, and his obstructive conduct -- to impose a sentence at the low end of the guideline range.[3]

Moreover, at resentencing, the district court invited Knight to provide a § 3553(a) argument. His contentions at resentencing were nearly identical to the conventions raised at his original sentencing and now raised on appeal -- over-representation of his criminal history; pre-trial confinement in dangerous conditions; health problems; his father's death; and his commitment to changing his life direction -- and there is no indication that the district court ignored any of these factors. Contrary to Knight's assertion on appeal, the district court was not required to explain how the sentence served each § 3553(a) factor. Talley, 431 F.3d at 786. In sum, the district court set forth a sufficiently reasoned basis for exercising its authority, and did not abuse its discretion in imposing a 95-month, 17-day sentence.

**AFFIRMED.**

---

[3] Although Knight's revised sentence amounts to the statutory maximum minus time served, that was only because the statutory maximum was the low end of the applicable guideline range.